IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC WAYNE BAGBY, Plaintiff, | : : : | PRISONER CIVIL RIGHTS 28 U.S.C. § 1983 |
| v. | : : | |
| MORGAN STANLEY et al., Defendants. | : : | CIVIL ACTION NO. 1:16-CV-739-RWS-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the W.P. Clements Jr. Unit, a state prison in Amarillo, Texas. Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2.)

Plaintiff recently filed numerous § 1983 complaints in this Court, all of which the Court dismissed because Plaintiff did not pay the filing fee and cannot proceed IFP. Like those complaints, Plaintiff's complaint in this case makes little sense. Plaintiff characterizes this action as a "class-action lawsuit against Morgan Stanley for 4.4 trillion" dollars on behalf of "mineral landowners." (Doc. 1 at 6.)

Given his extensive frivolous litigation, Plaintiff is subject to the three strikes provision of the Prison Litigation Reform Act. A prisoner may not bring a civil action in federal court without paying the filing fee "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has filed while incarcerated "not less than four federal lawsuits which were dismissed as frivolous." Order, *Bagby v. Staples*, No. 5:13-cv-1092-DAE, at *2-3 (W.D. Tex. Dec. 10, 2014) (listing cases Plaintiff filed in federal courts in Texas and the District of Columbia); *see also Bagby v. Nagle*, No. C 14-01896 DMR (PR) (N.D. Cal. July 24, 2014) (dismissing Plaintiff's § 1983 action as barred by the three strikes provision). Section 1915(g) thus bars this action that Plaintiff filed without paying the filing fee.

When § 1915(g) bars a prisoner from proceeding IFP, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Plaintiff's request to proceed IFP is **DENIED. IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**SO ORDERED & RECOMMENDED** this 15 day of March, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE